IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MICHAEL D. HOLINESS, #22657-078** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:20cv91** |
| § | **CRIMINAL ACTION NO. 4:14cr120(1)** |
| **UNITED STATES OF AMERICA** § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

*Pro se* Movant Michael D. Holiness filed the above-styled and numbered motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND OF THE CASE**

On June 3, 2015, the District Court sentenced Movant to one hundred and five months' imprisonment after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Movant did not file a direct appeal. On November 26, 2018, Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, claiming he was entitled to relief because of sentencing issues. *See* Civil Action No. 4:18cv852. On March 11, 2019, the Court denied Movant's § 2255 motion because it was not timely filed. On February 10, 2020, Movant filed the instant § 2255 motion. In an abundance of caution, the Government was ordered to file a Response in which it argued the motion is successive. Movant did not file a Reply.

## II.  SUCCESSIVE MOTIONS

A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). Movant previously filed a federal petition for habeas relief, which was denied and dismissed with prejudice. *See* Civil Action No. 4:18cv852.  In the instant case, Movant asserts he is entitled to relief in light of *Rehaif v. United States,* 139 S. Ct. 2191 (2019) (In a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove the defendant knew he possessed the firearm and that the defendant knew he belonged to the relevant category of persons barred from possessing a firearm.).  Movant seems to assert that his motion becomes timely and meritorious under *Rehaif*.  Nothing in  *Rehaif*, however, created a new constitutional right nor did the Supreme Court explicitly state its holding was to be applied retroactively.  *See, e.g.*, *Tyler v. Cain*, 533 U.S. 656, 662-63, 121 S. Ct. 2478 (2001) (The Supreme Court must specifically hold that a newly recognized right applies retroactively to cases on collateral review.).  Nonetheless, since this is a successive motion, the Court lacks jurisdiction to consider it unless leave to file the same is granted by the Fifth Circuit. *Uranga v. Davis*, 879 F.3d 646, 648 n.3 (5th Cir. 2018) (citing *United States v. Key*, 205 F.3d 7753, 774 (5th Cir. 2000)) (district court lacked jurisdiction since the movant had filed a prior § 2255 motion, and the Fifth Circuit had not granted permission to file a successive § 2255 motion). Accordingly, the present motion should be dismissed for want of jurisdiction because Movant has not shown he obtained permission from the Fifth Circuit to file a successive § 2255 motion.  *Id*.

### III.  RECOMMENDATION

It is recommended the motion to vacate, set aside, or correct sentence be dismissed without prejudice to Movant's right to file a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A), 2255.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 8th day of February, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE